321-323-325 W. 42nd St. LLC v McMahan
2026 NY Slip Op 50939(U)
June 17, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation-Substantial Rehabilitation Exemption—Tenant in Occupancy Prior to Completion of Substantial Rehabilitation

321-323-325 West 42nd Street LLC, Petitioner-Landlord-Appellant,
v
Robert McMahan, Respondent-Tenant-Respondent.

Supreme Court, Appellate Term, First Department
Decided on June 17, 2026
570325/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Landlord appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about March 3, 2025, upon a summary determination pursuant to CPLR 409 (b), which dismissed the petition in a holdover summary proceeding, and (2) an order (same court and Judge), dated April 30, 2025, denying its motion to vacate the aforesaid judgment.
[*1]
Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about March 3, 2025 and order (Jack Stoller, J.), dated April 30, 2025, affirmed, with one bill of $25 costs.
We find unavailing landlord's contention that the substantial rehabilitation of the subject building was completed in 1995. DHCR determined that the substantial rehabilitation was completed on September 30, 2004, which was the completion date reflected on the new certificate of occupancy (see Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11 [e] [4]; see also Matter of 8 Ave. Holdings LLC v New York State Div. of Hous. & Community Renewal, 234 AD3d 568 [2025]). In addition, the DHCR record reflects that work under the initial application for Job #101001764 continued through 2003.
Nor do we have any basis to disturb the determination that tenant was in occupancy prior to the completion of the substantial rehabilitation and therefore remains rent stabilized (see RSC § 2520.11 [e] [5]). The parties' stipulated facts and evidentiary submissions established that tenant began occupancy in 1998 and landlord recognized him as the sole, rent-stabilized tenant in 2001, long before the completion of the substantial rehabilitation.
We also agree that landlord failed to demonstrate that tenant was collaterally estopped from raising a defense based on his rent-stabilized status, as that issue was not litigated and decided in landlord's DHCR proceeding seeking to exempt the building from rent regulation based on substantial rehabilitation (see Extell Belnord LLC v Uppman, 113 AD3d 1, 11 [2013]).
Civil Court did not abuse its discretion in refusing to vacate the order pursuant to CPLR 5015 (a)(2), since "evidence only qualifies as 'newly-discovered' if it was in existence at the time of the original order or judgment, but was undiscoverable with due diligence" (Coastal Sheet Metal Corp. v RJR Mech. Inc., 85 AD3d 420, 421 [2011]) and the newly discovered evidence must be evidence that, if it had been introduced at trial, "would probably have produced a [*2]different result" (CPLR 5015 [a] [2]; see U.S. Bank N.A. v. Galloway, 150 AD3d 1174, 1175 [2017]). Neither criteria was met here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2026